AO 93 (Rev. 5/85) Search Warrant

**ORIGINAL**

# *United States District Court*

U.S. DISTRICT COURT - N.D. OF N.

**FILED**

NOV 0 6 2008

_____ O'CLOCK

Lawrence K. Baerman, Clerk - Syracuse

**_____ NORTHERN _____ DISTRICT OF _____ NEW YORK _____**

In the Matter of the Search of
(Name, address or brief description of property or premises to be searched)

premises located at
512 Blandina Street, Second Floor Apt.,Utica, NY,
more particularly described as the second floor of a
two story wood frame structure, with tan vinyl siding and
white trim.  The number "512" is clearly affixed to the front
of the residence, and visible from the road

**SEARCH WARRANT**

Criminal No. _O8-MJ- 468 (DCP)_

TO: ___ANY FBI AGENT_____ and any Authorized Officer of the United States

Affidavit(s) having been made before me by ___Anthony R. Fitzgerald___ who has reason to
                                                         Affiant

believe that ☐ on the person of or ☒ on the premises known as (name, description and/or location)

512 Blandina Street, Second Floor Apt.,Utica, NY, more particularly described as the second floor of a
two story wood frame structure, with tan vinyl siding and white trim.  The number "512" is clearly affixed to the
front of the residence, and visible from the road

in the _____ NORTHERN _____ District of _____ NEW YORK _____ there is now concealed a
certain person or property, namely (describe the person or property)

        See Attached Schedule

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or
property so described is now concealed on the person or premises above-described and establish grounds for the issuance
of this warrant.

**YOU ARE HEREBY COMMANDED** to search on or before ___Nov. 7, 2008___

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and
making the search (in the daytime - 6:00 A.M. to 10:00 P.M.)~~(at any time in the day or night as I find reasonable cause has been established))~~ and if the person or property be found there to seize same, leaving a copy of this warrant and receipt
for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this
warrant to ___Any authorized judge.___ as required by law. No knock entry authorized,
         United States Judge or Magistrate Judge

October 28 , 2008 @ 3:48 p.m.    at    Syracuse, New York
Date and Time Issued                        City and State

Hon. David E. Peebles
United States Magistrate Judge
Name and Title of Judicial Officer                     Signature of Judicial Officer

AO93 (Rev. 5/85) SEARCH WARRANT

| RETURN | | |
|---|---|---|
| DATE WARRANT RECEIVED<br><br>10/28/2008 | DATE AND TIME WARRANT EXECUTED<br><br>10/29/2008, 6:51am | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH<br><br>*Celeste Lacy* |

INVENTORY MADE IN THE PRESENCE OF
*Celeste Lacy*

INVENTORY OF PERSONS OR PROPERTY TAKEN PURSUANT TO THE WARRANT

*See attached FBI "Evidence Recovery Log".*

**CERTIFICATION**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

Subscribed, sworn to, and returned before me this date.

_____        11/6/08
U.S. Judge or Magistrate                          Date

## SEARCH WARRANT ATTACHMENT

This search warrant authorizes searches for the following items, which would be evidence of narcotics distribution and related conduct, in the above described residence, to include, any other structures, outbuildings and vehicles located thereon:

a. Cocaine (in any form) and any other controlled substances;

b. Paraphernalia used and commonly associated with the possession and distribution of controlled substances such as cocaine; including, but not limited to:  scales, packaging materials including plastic baggies, plastic or glass vials, heat sealing machines, pipes, coffee grinders, cocaine presses, sifting screens and/or strainers; any materials used for "cutting" or diluting controlled substances like cocaine, such as baking soda, inositol and mannitol;

c. Any books, records, receipts, notes, ledgers, journals, and other papers relating to the purchase and distribution of controlled substances, including cocaine;

d. Addresses and/or telephone books, PDA's (i.e. Palm Pilots), caller ID boxes attached to telephones and papers reflecting names, addresses, and/or telephone numbers; and telephone records reflecting local and long distance calls;

e. Bank statements and records, safe deposit keys, receipts, and other books and records, including any related to the purchase of real property and personal property (including automobiles), safes, lock boxes, safe deposit boxes and, in general, any records or documents evidencing the obtaining, transfer, concealment, or expenditure of money or other assets, and/or demonstrating the laundering or use of monies generated by the sale of narcotics;

f. Any significant sums of United States currency, stocks, bonds, certificates of deposit, any other financial instruments, and safes, or other security type boxes or containers;

g. Photographs of people, assets, or controlled substances;

h. Personal effects tending to establish proprietary interest, including but not limited to, personal identification, driver's licenses, vehicle registration certificates, passports, birth certificates and deeds;

i. Records of interstate travel in furtherance of the unlawful distribution of drugs and the use of the facilities of interstate commerce in furtherance of the unlawful distribution of drugs;

j. Communication devices to include digital pagers, cellular telephones (including any stored electronic contents such as voice mail messages, addresses and telephone numbers and alpha/numeric messages), telephones, scanners and the like; and,

k. Computers, laptops, hard drives, computer disks, compact

disks or other medium utilized to store data or information.

    l. Other property constituting evidence of the possession, distribution, or use of controlled substances, or any property, records, or documents constituting evidence of the association and relationship of individuals in connection with drug-related activities.

# EVIDENCE RECOVERY LOG

LOCATION 512 Blandina St. Utica, NY 13501
DATE 8/30/2008
CASE IDENTIFIER 245D-AL-47769
PREPARER/ASSISTANTS SA Raymond A. Beaty

PAGE 1 OF 1

PERSONNEL Raymond A. Beaty FBI
James Politt (Return) NSP, PD
James Sauer (Attendang), UPD
Thomas Baker, Deputy, Sheriff
Frederick Cohen, Sheriff Dep, Born P.O.

| ITEM # | DESCRIPTION | WHERE FOUND | RECOVERED BY | PHOTO | MARKING Direct—D Indirect—I | PACKAGING METHOD | MISCELLANEOUS COMMENTS |
|---|---|---|---|---|---|---|---|
| 1 | Branch Jewelry | Bedroom | Jacey | 9 | I | Bag | |
| 2 | Bedroom note 3-13-09 Date | Bedroom/bed | Jacey | 10 | I | Bag | |
| 3 | 2.5 pounds | Bedroom note | Jacey | 12 | I | Bag | |
| 4 | Marijuana cuttings 3.4 pounds | Kitchen cupboard | Jacey | 13 | I | Bag | |
| 5 | 1.25 pounds (23) $100.00 | Blandina note | Jacey | 14 | I | Bag | |
| 6 | Box of keys | Hallway closet | Jacey | 15/16 | I | Bag | |
| 7 | Cell phone 315-534-0014 4 chargers | Kitchen Table | Jacey | 17 | I | Bag | |