IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 08-MJ-468 |
| v. | (Hon. David E. Peebles) |
| TIMOTHY SWEEZEY, MICHAEL WILLIAMS, KASHIF SHEPARD, and JAYSON JULIAN, | |
| | STIPULATION AND ORDER FOR ENLARGEMENT OF TIME |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

It is hereby stipulated and agreed, by and between the defendants (by their defense lawyers), and Andrew T. Baxter, Acting United States Attorney for the Northern District of New York (by John M. Katko, Assistant United States Attorney), that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including ninety (90) days from the date of the signing of this Order and that time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(8)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1. The chronology of this case is as follows:

    a. Date of complaint: 10/28/08

    b. Date of initial appearance: 10/29/08

    c. Defendant custody status: Pretrial Release

        i.     Date United States moved for detention: 10/29/08

        ii.    Date of detention hearing: 11/3/08

2.    The United States and the defendants have requested the continuance based on the following facts and circumstances:

    a. More specifically, due to the nature of the charges, the complexity of the case and ongoing pre-indictment plea negotiations the parties will reasonably require the additional time to prepare for debriefings and review of this case.

3.    The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendants in a speedy trial because the facts upon which the grand jury must base its determination are unusual or complex, so that it is unreasonable to expect return and filing of an indictment within the period specified in section 3161(b), taking into account the exercise of due diligence (3161(h)(8)(B)(iii)).

4.    The parties stipulate and agree that the time period from the date of this order, to and including the trial date scheduled by the Court, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(8)(A) and (h)(8)(B)(iii).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: 12/11, 2008

                      ANDREW T. BAXTER
                      Acting United States Attorney

By:    John M. Katko
       Assistant U.S. Attorney
       Bar Roll No. 502457

_/s/_
Clarence Johnson, Esq.
Attorney for Timothy Sweezey
Bar Roll No.

_____
Simon Moody, Esq.
Attorney for Michael Williams
Bar Roll No.

_____
George Hildebrandt, Esq.
Attorney for Kashif Shepard
Bar Roll No.

_____
Leslie Lewis, Esq.
Attorney for Jayson Julian
Bar Roll No.

## ORDER

A. The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

B. The Court has considered its obligation under 18 U.S.C. § 3161(h)(8)(A) to determine whether a continuance serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that pursuant to 18 U.S.C. § 3161(h)(8)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial because the facts of the case are so unusual or complex that it is unreasonable to expect adequate preparation for the return and filing of an indictment within the

---
Clarence Johnson, Esq.
Attorney for Timothy Sweezey
Bar Roll No.

*[signature]*

Simon Moody, Esq.
Attorney for Michael Williams
Bar Roll No.

---
George Hildebrandt, Esq.
Attorney for Kashif Shepard
Bar Roll No.

---
Leslie Lewis, Esq.
Attorney for Jayson Julian
Bar Roll No.

## ORDER

A. The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

B. The Court has considered its obligation under 18 U.S.C. § 3161(h)(8)(A) to determine whether a continuance serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that pursuant to 18 U.S.C. § 3161(h)(8)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial because the facts of the case are so unusual or complex that it is unreasonable to expect adequate preparation for the return and filing of an indictment within the

Clarence Johnson, Esq.
Attorney for Timothy Sweezey
Bar Roll No.

---

Simon Moody, Esq.
Attorney for Michael Williams
Bar Roll No.

*[signature]* 12/9/08
George Hildebrandt, Esq.
Attorney for Kashif Shepard
Bar Roll No. 505664

---

Leslie Lewis, Esq.
Attorney for Jayson Julian
Bar Roll No.

## ORDER

A. The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

B. The Court has considered its obligation under 18 U.S.C. § 3161(h)(8)(A) to determine whether a continuance serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that pursuant to 18 U.S.C. § 3161(h)(8)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial because the facts of the case are so unusual or complex that it is unreasonable to expect adequate preparation for the return and filing of an indictment within the

---

Clarence Johnson, Esq.
Attorney for Timothy Sweezey
Bar Roll No.

---

Simon Moody, Esq.
Attorney for Michael Williams
Bar Roll No.

---

George Hildebrandt, Esq.
Attorney for Kashif Shepard
Bar Roll No.

---

Leslie Lewis, Esq.
Attorney for Jayson Julian
Bar Roll No.

## ORDER

A. The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

B. The Court has considered its obligation under 18 U.S.C. § 3161(h)(8)(A) to determine whether a continuance serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that pursuant to 18 U.S.C. § 3161(h)(8)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial because the facts of the case are so unusual or complex that it is unreasonable to expect adequate preparation for the return and filing of an indictment within the

period specified in section 3161(b), taking into account the exercise of due diligence.

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including ninety (90) days from the date of the signing of this Order and that time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(8)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial for the reasons stipulated above.

Dated: _____, 2008          _____
                                         Hon. David E. Peebles
                                         United States Magistrate Judge